UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.: 05-246-1 (RMC) |
| JOSE CONTRERAS MACEDAS, et al. | |

## MOTION TO DISMISS COUNT 2 OF THE INDICTMENT FOR LACK OF EVIDENCE

**COMES NOW DEFENDANT, Jose Contreras Macedas,** through undersigned counsel, and hereby submits this motion to dismiss Count 2[1] of the Indictment for lack of evidence.[2]

### Aggravated ID Theft

Count 2 of the Indictment alleges that Mr. Contreras violated 18 U.S.C. §1028A, Aggravated Identity Theft. The language of this new section of the United States Code states that a defendant "did knowingly transfer, possess and use, without lawful authority, a means of identification of another person… ." *Id.* Count 2 simply alleges that Mr. Contreras knowingly took another person's identity in that he possessed a Social Security card with information that related to a real person.

### "Knowledge" Element of 18 U.S.C. §1028A

---

[1] The legal issue in this motion also applies to co-defendant David Mora-Gil. Mr. Mora-Gil's allegation of wrongdoing is contained in Count 3 of the Indictment.

[2] This motion is filed consistent with the Court order issued at a status hearing on Thursday, September 15, 2005. At the hearing the legal issued raised in this motion was presented to the Court and the Court ordered that parties brief the matter prior to the scheduled trial date of Monday, September 26, 2005. On Friday, September 16, 2005, government counsel informed parties and the Court that a superseding indictment would be sought and filed. This indictment is expected prior to the scheduled trial date. However, so as to preserve the issue should a superseding indictment *not* issue, this motion is submitted in anticipation of a possible trial.

The plain language of §1028A is that a person "did knowingly transfer" the identity of another person. At issue between the defense and the government is the scope of the "knowledge" element of the statute. It is the government position that their evidence will establish all elements of §1028A, including the "knowledge" element. In response, Mr. Contreras argues that he did not have any knowledge that the Social Security card information belonged to another person. This motion is based on the conclusion that the government evidence can only go so far as to prove that Mr. Contreras merely possessed a false card, *not* that he obtained a person's identity information and produced a false card. Therefore, assuming the limitation of the government allegation, the government cannot sustain a conviction under §1028A absent any evidence that Mr. Contreras knew that the information belonged to an actual individual.

**Relevant Case Law**

Since §1028A is so new, counsel has only two cites to direct the Court. The first cite was presented by the government. In the case of *United States v. Montejo,* 353 F.Supp.2d 643 (E.D.Va 2005), a district court held that §1028A does not require that a defendant have knowledge that the false identity document actually contained information that belonged to another person. However, the defense will argue that district court ruling in *Montejo* is overruled in light of the Supreme Court decision in *Arthur Andersen v. United States,* __U.S.__, 125 S.Ct. 2129 (2005).

In *Arthur Andersen*, the Supreme Court addressed the knowledge element of a crime and the necessity to read a statute at face value. In relevant part, the late Chief Justice Rehnquist clearly stated:

> "[K]nowledge" and "knowingly" are normally associated with awareness, understanding, or consciousness. See Black's Law Dictionary 888 (8th ed. 2004)

> (hereinafter Black's); Webster's Third New International Dictionary 1252—1253 (1993) (hereinafter Webster's 3d); American Heritage Dictionary of the English Language 725 (1981) (hereinafter Am. Hert.). "Corrupt" and "corruptly" are normally associated with wrongful, immoral, depraved, or evil. See Black's 371; Webster's 3d 512; Am. Hert. 299—300. Joining these meanings together here makes sense both linguistically and in the statutory scheme. Only persons conscious of wrongdoing can be said to "knowingly … corruptly persuad[e]." And limiting criminality to persuaders conscious of their wrongdoing sensibly allows §1512(b) to reach only those with the level of "culpability … we usually require in order to impose criminal liability." *United States* v. *Aguilar,* 515 U.S., at 602; see also *Liparota* v. *United States*, *supra*, at 426.

*Id.,* at 2135-2136. Mr. Contreras asserts that the language of *Arthur Andersen* supports dismissal of Count 2 in light of the lack of government evidence that he had any knowledge that the information on the Social Security card was that of another person.

**WHEREFORE,** Mr. Contreras respectfully asks this Court to dismiss Count 2 of the Indictment for lack of evidence.

                                              Respectfully submitted,

                                              **RETURETA & WASSEM, P.L.L.C.**

By:         **/s/**        
      Manuel J. Retureta, Esq.
      District of Columbia Bar #430006
      601 Pennsylvania Avenue, NW
      South Building – Suite 900
      Washington, D.C. 20004
      (202) 220-3073 / (202) 220-3130 fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this pleading has been distributed to all parties via ECF Filing.

                                              **/s/**
                                      Manuel J. Retureta, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Crim. Case No.:  05-246-1 (RMC) |
| **JOSE CONTRERAS MACEDAS, et al.** | |

### ORDER

Upon consideration of defendant Jose Contreras Macedas' motion to dismiss Count 2 of the pending Indictment; this Court, after a review of the record, and in consideration of the government position, hereby **GRANTS** the defense motion.  Accordingly, Count 2 is **DISMISSED.**

**SO ORDERED** this _____ day of September 2005.

_____
Rosemary M. Collyer
United States District Court Judge