UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \| |
| | \| |
| v. | \|  Crim. Case No.:  05-246-1 (RMC) |
| | \| |
| **JOSE CONTRERAS MACEDAS, et al.** | \| |

### SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AGGRAVATED IDENTITY THEFT COUNT OF INDICTMENT

**COMES NOW DEFENDANT, Jose Contreras Macedas,** through undersigned counsel, and hereby submits the following supplemental authority in support of his previously filed motion to dismiss the aggravated identity theft count of the indictment.[1]

**Relevant & Developing Case Law**

As Mr. Contreras-Macedas previously stated, the recent enactment of 18 U.S.C. §1028A (hereinafter referred to as "§1028A") has also spawned new case law.  Specifically, we have seen courts beginning to interpret the *mens rea* element of §1028A.  The government brief cites the recent case of *United States v. Montejo,* 353 F.Supp.2d 643 (E.D.Va. 2005) to support the proposition that a defendant charged with Aggravated Identity Theft not need know that a forged document actually contained the identity of a real person.  However, Mr. Contreras-Macedas submits that the plain language of  §1028A clearly calls for such an element of proof.  This position is supported by the recent Supreme Court decision in *Arthur Andersen v. United States,*

---

[1] Mr. Contreras-Macedas' original motion referenced the specific indictment count from the first indictment. Because of the superseding indictment, the motion to dismiss refers to Count V as it pertains to Mr. Contreras-Macedas.

__U.S.__, 125 S.Ct. 2129 (2005).  The *Andersen* case, while not interpreting §1028A, clearly contains language that effectively overrules the Eastern District of Virginia's ruling in *Montejo*.

## Supplemental Authority

Beyond Supreme Court authority, another district court recently addressed the *mens rea* element of §1028A and concluded that a defendant *must know that the fraudulent identification document did actually have information of another person*.  In the decision, the court addressed the *Montejo* case and flatly rejected it.

On November 21, 2005, the United States District Court for the Western District of Washington issued a ruling in the case of *United States v. Beachem*, --- F.Supp.2d ----, 2005 WL 3116006 (W.D.Wash.)(Only the Westlaw citation is currently available.).  A complete copy of the decision has been attached to this pleading for review.  Simply put, *Beachem* rejects *Montejo* and firmly concludes that "…'knowingly', as used in the statute, applies to 'another person,' as used in 18 U.S.C. §1028A(a)(1) and requires a finding that the Defendant knew that the identification in question belonged to another actual person at the time she committed the offense."[2]  *Id.*

The *Beachem* court in supporting the decision identified the plain language of the statute, the additional 2-years of mandatory imprisonment that the statute carries, and the legislative history of the statute.  Speaking to the persuasive authority found in the legislative history, the *Beachem* court stated:

> In reaching this decision, this Court was also persuaded by the facts that the title of 18 U.S.C. §1028A is "Aggravated Identity Theft" and that the legislative history of the statute speaks directly about, "provid[ing] enhanced penalties for persons who *steal* identities ⋯" *H.R. Rep. 108-528* at 3, 2004 (emphasis added).

---

[2]  Mirroring Mr. Contreras-Macedas' motion, the *Beachem* decision stemmed a defense motion to dismiss the Aggravated Identity Theft counts.  In *Beachem* the motion was only denied because the government argued that circumstancial evidence would establish the *mens rea* element.

*Id.*

**WHEREFORE,** Mr. Contreras respectfully asks that in light of his previous argument and authority, and the new authority presented in this pleading, that the Aggravated Identity Theft count be dismissed.

                                        Respectfully submitted,

                                        **RETURETA & WASSEM, P.L.L.C.**

                                By:          /s/
                                        Manuel J. Retureta, Esq.
                                        District of Columbia Bar #430006
                                        601 Pennsylvania Avenue, NW
                                        South Building – Suite 900
                                        Washington, D.C. 20004
                                        (202) 220-3073 / (202) 220-3130 fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this pleading has been distributed to all parties via ECF Filing.

                                        /s/
                                  Manuel J. Retureta, Esq.

Defense Supplemental Authority

Exhibit I

---

--- F.Supp.2d ----, 2005 WL 3116006 (W.D.Wash.)
Only the Westlaw citation is currently available.

**United States District Court,
W.D. Washington.**

**UNITED STATES OF AMERICA, Plaintiff,
v.
Tammy BEACHEM, Defendant.**

**No. CR05-302MJP.
Nov. 21, 2005.**

**Background:** Defendant charged with aggravated identity theft moved to dismiss counts against her.

**Holdings:** The District Court, Pechman, J., held that: (1) to establish requisite mens rea, government was required to prove that defendant knew that social security numbers she used to open bank accounts under false identities belonged to an actual person, but (2) issue of whether defendant knowingly used a means of identification of another person could not be resolved on motion to dismiss counts.
Motion denied.

[1] KeyCite Notes
110 Criminal Law
United States was required to prove that defendant knew that social security numbers she used to open bank accounts under false identities belonged to an actual person, to convict defendant of aggravated identity theft. 18 U.S.C.A. § 1028A(a)(1).

[2] KeyCite Notes
110 Criminal Law
Issue of whether defendant knowingly used a means of identification of another person could not be resolved on defendant's motion to dismiss counts against her for aggravated identity theft, because of factual dispute as to whether defendant had knowledge that social security numbers she used to open bank accounts under false identities belonged to an actual

person. 18 U.S.C.A. § 1028A(a)(1).

Vincent T. Lombardi, US Attorney's Office, Seattle, WA, for Plaintiff.
Howard Phillips, Phillips Law, Gilbert Henry Levy, Seattle, WA, for Defendant.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 4 AND 6

PECHMAN, J.

*1  This matter comes before the Court on Defendant's Motion to Dismiss Counts 4 and 6 (Dkt. No. 21). At issue before the Court is the correct interpretation of 18 U.S.C. § 1028A ("the statute"). Having considered Defendant's Motion, Plaintiff's Response (Dkt. No. 23), and all other pertinent papers and documents associated with this motion, the Court finds that "knowingly," as used in the statute, applies to "another person," as used in 18 U.S.C. § 1028A(a)(1) and requires a finding that the Defendant knew that the identification in question belonged to another actual person at the time she committed the offense. However, Plaintiff is in possession of circumstantial evidence that it claims will establish that Defendant knew that the identification she is accused of having used belonged to another person. The existence of this evidence raises a question of fact in this case that compels the Court to DENY Defendant's motion.

BACKGROUND

Tammy Beachem, Defendant in this case, is alleged to have used social security numbers that did not belong to her to open bank accounts under false identities. Defendant claims that she believed that the numbers she allegedly used were generated arbitrarily and did not belong to any actual person. However, the numbers that she allegedly used turned out to be numbers of actual, existing people who are still alive. Defendant is now being charged under 18 U.S.C. § 1028A, which provides in pertinent part: "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."18 U.S.C. § 1028A(a)(1). Defendant argues that because she had no knowledge that the numbers that she allegedly used belonged to another person, as required under the statute, that the counts brought against her on the basis of this statute ought to be dismissed. The U.S. government, on the other hand, contends that "knowingly" in this statute only modifies the words "transfers, possesses, or uses" and that Plaintiff need not demonstrate that Ms. Beachem knew that the numbers she allegedly used were those of other persons in order to establish sufficient *mens rea* under the statute. Nonetheless, the United States requests that if the Court finds that knowledge that the identification used belonged to

another person is necessary under this statute, that it have the opportunity to introduce the circumstantial evidence it possesses in relation to this question.

ANALYSIS

18 U.S.C. § 1028A is a relatively new statute, having passed in 2004. For this reason, the parties have only identified, and the Court has only located, one case directly on point regarding the issue presented here. In *U.S. v. Montejo,* the Eastern District of Virginia decided that the statute applied to the case of an undocumented immigrant who had unwittingly used someone else's actual social security and alien registration numbers in order to obtain employment in this country. 353 F.Supp.2d 643, 644-645 (E.D.Va.2005). Montejo admitted that he knew he was using false identification, but did not know that the identification numbers he had purchased actually belonged to someone else. *Id.* Looking to the plain language of the statute, the court in *Montejo* decided that the "knowingly" *mens rea* requirement only applied to the verbs immediately succeeding that qualifier. Based on this analysis, the court held that as long as Montejo knew that the identification he was using was false, he was not required to know that the identification he was using belonged to another person in order to run afoul of the statute. *Id.* at 651. In reaching this conclusion, the Eastern District of Virginia found that the legislative history of the statute, the title of the statute, and the somewhat absurd level of punishment reached under the statute did not matter as much as the statute's plain language. *See id* at 652-656. The court also distinguished Supreme Court precedent which held that a statute's qualifiers could be read to modify words to which they were not necessarily adjacent, in order to provide an appropriate level of scienter to justify a punishment under the Constitution. *See United States v. X-citement Video, Inc.,* 513 U.S. 64, 79, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994)*.*

**\*2** [1]  The Ninth Circuit followed the Supreme Court's *X-citement* precedent in *U.S. v. Meek,* where the Court of Appeals decided that 18 U.S.C. § 2422's *mens rea* requirement must be extended to require proof that a defendant had a subjective belief that the person whom he was attempting to engage in sexual activity was a minor. 366 F.3d 705, 718 (9th Cir.2004). Following this precedent, this Court finds that in order to justify the additional two years' imprisonment for Defendant that the United States is seeking under the statute, the United States must provide proof that Ms. Beachem had knowledge that the identification she used belonged to another person. In reaching this decision, this Court was also persuaded by the facts that the title of 18 U.S.C. § 1028A is "Aggravated Identity Theft" and that the legislative history of the statute speaks directly about, "provid[ing] enhanced penalties for persons who *steal* identities ⋯" H.R. Rep. 108-528 at 3, 2004 (emphasis added). As the Montejo court noted, an intent to deprive another person of property is traditionally an element of

the crime of theft. *Montejo,* 353 F.Supp.2d at 654. This Court sees no reason not to read this traditional *mens rea* requirement into a statute meant to prevent stealing.

[2]  Nonetheless, this Court's legal conclusion does not settle this matter. The United States has noted in its Response that it has circumstantial evidence which proves that Ms. Beachem had knowledge that the identification numbers she allegedly used belonged to someone else. Such evidence raises a question of material fact that is more appropriate for a jury. For this reason, the Court must DENY Defendant's Motion to Dismiss Counts 4 and 6.

## CONCLUSION

The Court finds that "knowingly" applies to "another person" as both terms are used in 18 U.S.C. § 1028A(a)(1) and requires a finding that the Defendant knew that the identification in question belonged to another actual person at the time she committed the offense in order to establish the requisite *mens rea* under the statute. However, Plaintiff is in possession of circumstantial evidence that it claims will establish that Defendant knew that the identification she is accused of having used belonged to another person. The existence of this evidence raises a question of fact in this case that compels the Court to DENY Defendant's motion.

W.D.Wash.,2005.
U.S. v. Beachem
--- F.Supp.2d ----, 2005 WL 3116006 (W.D.Wash.)

END OF DOCUMENT