IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. Case No. 05-246 (RMC) |
| | : | |
| v. | : | |
| | : | |
| JOSE LUIS CONTRERAS-MACEDAS, | : | |
| DAVID MORA-GIL, | : | |
| PELES FRANCISO, | : | |
| RAYMUNDO LOPEZ-VARGAS, | : | |
| PEDRO HERNANDEZ-CARLON, | : | |
| REMIGIO GONZALEZ-OLVERA, | : | |
| OSCAR AGUILAR-GOMEZ, | : | |
| Defendants. | | |

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS
ON SPEEDY TRIAL GROUNDS
AND NOTICE OF INFORMATION FROM ICE**

On March 17, 2006, during the continuation of the motions hearing on the defendants' motion to dismiss because of alleged violations of the Speedy Trial Act, the Court asked the government to provide the Court and the defendants with the following information: (1) the date of the defendant's administrative arrest, (2) the date the defendant signed a stipulated request for removal, (3) the date the Immigration Judge signed the defendant's Order of removal, and (4) the date of the defendant's criminal arrest (based upon execution of the arrest warrant). The requested information, obtained from Immigration and Customs Enforcement ("ICE") records, is provided below.

|  | **Admin Arrest** | **Def Signed Stip Request** | **Imm Judge Signed Order** | **Criminal Arrest** |
|---|---|---|---|---|
| **Contreras-Macedas** | May 10, 2005 | May 11, 2005 | July 1, 2005 | July 12, 2005 |
| **Mora-Gil** | May 10, 2005 | May 11, 2005 | July 1, 2005 | July 12, 2005 |
| **Francisco** | NA | NA | NA | August 2, 2005 |
| **Lopez-Vargas** | August 2, 2005 | NA | Reinstatement of Prior Deportation Order, August 2, 2005 | October 5, 2005 |
| **Hernandez-Carlon** | August 2, 2005 | August 2, 2005 | August 12, 2005 | October 5, 2005 |
| **Gonzalez-Olvera** | August 2, 2005 | August 2, 2005 | August 12, 2005 | October 5, 2005 |
| **Aguilar-Gomez** | August 2, 2005 | August 2, 2005 | August 15, 2005 | October 5, 2005 |

As ICE Special Agent Joseph Arrieta testified during the motions hearing, on March 17, 2006, ICE must, absent unusual circumstances, deport an illegal alien within 90 days of the date that an Immigration Judge signs the deportation order for that illegal alien.

However, there is another date that is critical for the Court's consideration, and that is the date that the government returned indictments against the defendants. The date of indictment is critical because that is the date that criminal charges were brought against the defendants, and also the date that arrest warrants were issued for the defendants. The original indictment was returned against defendants Contreras-Macedas and Mora-Gil on June 28, 2005. The superseding indictment, which included the remaining defendants, was returned on September 22, 2005.[1]

---

[1] Defendant Francisco was indicted on August 3, 2005, for possession of a firearm by an
(continued...)

The dates of indictment demonstrate that the government brought criminal charges against each of the defendants well within ICE's 90-day window for deportation, which begins to run on the date that the Immigration Judge signs the order of deportation. In the cases of defendants Contreras-Macedas and Mora-Gil, criminal charges were brought against them on June 28th, 49 days after their administrative arrests and 3 days <u>before</u> an Immigration Judge actually signed an order for their removal from the United States. In the cases of defendants Lopez-Vargas, Hernandez-Carlon, Gonzalez-Olvera and Aguilar-Gomez, criminal charges were brought against them on September 22nd, 51 days after their administrative arrests.

Because Lopez-Vargas has been previously deported, his prior order of deportation was simply reinstated on August 2nd, and therefore the 90-day deportation period started to run on the date of his administrative arrest. The Immigration Judge signed the deportation orders for Hernandez-Carlon and Gonzalez-Olvera on August 12th; and for Aguilar-Gomez on August 15th. The government filed criminal charges against these defendants on September 22nd, 41 days after the deportation order was signed for the former two defendants, and 38 days after the deportation order was signed for Aguilar-Gomez. Even if the Court determines that the 90-day deportation period should run from the date the deportation order is signed to the date of the defendants' arrests on criminal charges, *i.e.*, either July 12, 2005 or October 5, 2005, the defendants still faced criminal charges well within that 90-day window for deportation.

In short, each of these defendants was charged with and arrested for criminal offenses long

---

$^{1}$(...continued)
illegal alien and possession of a firearm by a fugitive from justice. That case was dismissed and the charge of possession of a firearm by an illegal alien was included in the superseding indictment. Defendant Francisco is not a party to this motion to dismiss.

before they were due to be deported from the U.S., and there is absolutely no evidence that Agent Leeper or anyone else attempted to delay their deportation in order to give the government sufficient time to bring criminal charges.[2]  As Agent Arrieta testified during Mr. Sidell's cross-examination, the deportation unit would not hold a person because of a pending investigation against them. Furthermore, his unit would stop a deportation only if a criminal arrest warrant existed for that person.  Thus, the defendants have not met their burden of proving that the primary or exclusive purpose of their administrative arrests was a ruse to hold them for criminal prosecution – especially since the defendants remained eligible for deportation until criminal arrest warrants were issued against them.  Accordingly, the motions to dismiss should be denied.

    Respectfully submitted,

    KENNETH L. WAINSTEIN, #451058
    United States Attorney


By: _____
    FREDERICK W. YETTE, #385391
    Assistant United States Attorney
    555 4th Street, N.W., 4th Floor
    Washington, D.C.  20530
    (202) 353-1666
    Frederick.Yette@usdoj.gov

---

[2] The Court's logic in U.S. v. Drummond, 240 F.3d 1333, 1336 (11th Cir. 2001) (citations omitted), should control this case:

> While routine [ICE] detentions incident to deportation will not trigger the Speedy Trial Act, a contrary result may be warranted when deportations are used by the government as 'mere ruses to detain a defendant for later criminal prosecution.' . . . To invoke this exception, however, we have placed the burden on the detainee to establish that the 'primary or exclusive purpose of the civil detention was to hold him for future prosecution.'