UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.: 05-246-1 (RMC) |
| | Motions Hearing: September 5, 2006 |
| JOSE CONTRERAS MACEDAS, et al. | |

### DEFENDANT'S MOTION TO SUPPRESS STATEMENT

**COMES NOW DEFENDANT, Jose Contreras Macedas,** through undersigned counsel, and hereby submits this motion to suppress defendant's statement as reported by law enforcement personnel. A hearing on this motion is respectfully requested.

### Concise Factual Background & Argument

On May 10, 2005, Mr. Contreras-Macedas (hereinafter "defendant") was "administratively arrested" by Immigration and Customs Enforcement (ICE) officers as part of an investigation into document fraud activity in Washington, D.C. After his arrest, law enforcement officials obtained a statement from the defendant. Due to the nature of defendant's stop, arrest and subsequent processing, the statement violated the defendant's constitutional rights and must be suppressed.

### Statement Was Obtained In Violation Of The
### Due Process Clause Of The Fifth Amendment

Defendant's statement was not made voluntarily as his will was overborne by law enforcement action. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973) (Voluntariness is

determined under the totality of circumstances test.).    Courts examine such a claim by looking to the totality of circumstances surrounding the statement.  *Arizona v. Fulminante*, 499 U.S. 279 (1991) (Whether a confession is involuntary is determined under the totality of circumstances test.).   Actions taken by ICE agents, and the defendant's unique immigration position reflect that his will was overborne.

The totality of circumstances reflect that the defendant was subjected to the double threat of deportation and/or criminal prosecution.  Such a double threat was sufficient to overcome the will of the defendant under the totality of circumstances test.  Rather than an arrest and standard booking, the defendant was arrested by ICE, processed by the Metropolitan Police Department and then transferred back to ICE for further processing.  This shuffle meant the defendant had to endure a booking process lasting hours.  *See Mincey v. Arizona*, 437 U.S. 385 (1978) (Overreaching police conduct when defendant was subjected to four- hour interrogation while in great pain in the intensive care unit.), *Greenwald v. Wisconsin*, 390 U.S. 519 (1968) (Defendant's will overborne when he was interrogated for over 18 hours without food or sleep.).

Clearly, law enforcement subjected the defendant to coercive conduct; and the conduct was sufficient to overcome defendant's will given his particular vulnerabilities and the conditions of the interrogation.  The result was an involuntary statement under the totality of circumstances test.  *See Colorado v. Connelly*, 479 U.S. 157 (1986)(Coercive police activity is a necessary predicate to a finding that a confession is involuntary within the meaning of the due process clause.).  Accordingly, defendant's statement is inadmissible.  *Mincey v. Arizona*, 437 U.S. 385 (1978).

**WHEREFORE,** Mr. Contreras Macedas respectfully asks this Court to suppress the statement obtained at the time of his arrest.

> Respectfully submitted,
>
> **RETURETA & WASSEM, P.L.L.C.**
>
> By: _____/s/_____
> Manuel J. Retureta, Esq.
> District of Columbia Bar #430006
> 601 Pennsylvania Avenue, NW
> South Building – Suite 900
> Washington, D.C.  20004
> (202) 220-3073  /  (202) 220-3130 fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this pleading has been distributed to all parties via ECF Filing.

> _____/s/_____
> Manuel J. Retureta, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **Crim. Case No.: 05-246-1 (RMC)** |
| v. | |
| **JOSE CONTRERAS MACEDAS, et al.** | |

**ORDER**

Upon consideration of defendant Jose Contreras Macedas' motion to suppress a statement; this Court, after a review of the record, and in consideration of the government opposition, hereby **GRANTS** the defense motion. Accordingly, the government is precluded from introducing defendant's statement at trial in this matter**.**

**SO ORDERED** this _____ day of _____ 2006.

_____
**Rosemary M. Collyer**
**United States District Court Judge**

**Copies To:**

All parties via ECF.