IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.: 05-246-01 (RMC) |
| | : | |
| v. | : | |
| | : | |
| **JOSE CONTRERAS-MACEDAS,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**OPPOSITION TO MOTION TO SUPPRESS STATEMENT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to suppress evidence at the trial. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

On May 10, 2005, U.S. Immigration and Customs Enforcement ("ICE") Special Agent Leeper saw the defendants, David Mora-Gil and Jose Luis Contreras-Macedas, as they sat with a third individual in a restaurant in the 1700 block of Columbia Road. The agents had already determined that illegal document vendors hang out in the restaurant and sometimes sell illegal documents to customers while they are inside the restaurant.

Agent Leeper believed he recognized the third individual as a person who sold illegal identity documents (although he later discovered the third individual was someone else). The third individual left the restaurant and when he noticed a law enforcement officer approaching him on the street, the third individual ran away.

Agent Leeper and another agent entered the restaurant and approached Mora-Gil and Contreras-Macedas who were seated at a table, where they had been sitting with the third individual. Agent Leeper engaged the men in a conversation by immediately identifying himself as an ICE agent, and then asking the men whether they were in the U.S. legally or illegally. Each defendant responded that he was illegal. The agent then asked the men their county of citizenship, and they said Mexico. The defendants also admitted that they did not have any immigration papers. Agent Leeper and the other agent then patted down the defendants to determine whether they had weapons, which they did not, and they were placed under arrest. The defendants were taken to the Third District Police Station where a more thorough search was conducted. It was at that time that the agents discovered that the defendants had various illegal identity documents in their pockets and wallets, including the illegal social security cards they are charged with possessing. Defendant Contreras-Macedas possessed three fraudulent documents: a Permanent Resident card with the name "Contreras M, Jose Luis," an Employment Authorization card with the name "Trejo, Jose," and a Social Security card with the name "Jose L Contreras Macedas."

Later on May 10th, the defendant was then taken to the ICE office in Fairfax, Virginia, where he gave a written "Record of Sworn Statement," after being advised of his <u>Miranda</u> rights. The defendant signed and initialed the pages of the statement, indicating that he understood his <u>Miranda</u> rights and still wished to make a statement without the presence of a lawyer. Nevertheless, the defendant seeks to suppress this statement.

When the validity of a waiver of <u>Miranda</u> rights is challenged, the government is required to prove that the waiver was voluntary by a preponderance of the evidence. <u>Colorado v. Connelly</u>, 479 U.S. 157, 168 (1986). Although the validity of the waiver is to be determined on a case-by-case basis, by examining the totality of the circumstances, <u>North Carolina v. Butler</u>, 441 U.S. 369, 374-375 (1979); <u>U.S. v. McNeil</u>, 433 F.2d 1109, 1112 (D.C. Cir. 1969), "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of the waiver...." <u>Butler</u>, 441 U.S. at 374-375.

"The administration of proper <u>Miranda</u> warnings, followed by a written waiver of the rights described in those warnings, will usually go far toward demonstrating that a decision to speak is not compelled. If the written waiver is promptly followed by an actual confession, the likelihood that the waiver was valid is often further enhanced." <u>United States v. Yunis</u>, 859 F.2d 953, 961 (D.C. Cir. 1988) (citations omitted). In this case, the defendant signed the page of his statement that contains the <u>Miranda</u> warnings, thereby indicating that he wished to waive his rights and make the statement.

Moreover, despite the fact that the defendant was transported to the Third District police station and then the ICE offices, there is no evidence that the agents coerced the defendant into giving a statement. In short, the defendant's statements were voluntary because they were the "product of an essentially free and unconstrained choice by its maker." <u>Schneckloth v. Bustamonte</u>,

412 U.S. 218, 225-26 (1973) (citing <u>Columbe v. Connecticut</u>, 367 U.S. 568, 602 (1961)).

WHEREFORE, the government respectfully requests that the defendant's motion to suppress statements be denied.

                                          Respectfully submitted,

                                          KENNETH L. WAINSTEIN
                                          United States Attorney
                                          Bar No. #451058

By: _____
      FREDERICK W. YETTE
      Assistant United States Attorney
      D.C. Bar No. #385391
      Federal Major Crimes Section
      555 4th Street, N.W., 4th Floor
      Washington, D.C. 20530
      (202) 353-1666
      Frederick.Yette@usdoj.gov