UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.:  05-246-1 (RMC) |
| | Motions Hearing In Progress |
| JOSE CONTRERAS MACEDAS, et al. | |

### DEFENDANT'S SUPPLEMENT TO HIS MOTION TO SUPPRESS STATEMENTS & EVIDENCE

**COMES NOW DEFENDANT, Jose Contreras Macedas,** through undersigned counsel, and respectfully submits this supplement to his motion to suppress statements and evidence.  This supplement is filed in light of evidence taken at a hearing on the motions.

**Factual Findings From
Suppression Hearing**

Immigration and Customs Enforcement (ICE) Special Agent Leeper and co-defendant David Mora-Gil provided testimony regarding the stop and seizure of defendant Jose Contreras Macedas on May 10, 2005.  Specifically, Special Agent Leeper testified in support of his action to encounter, stop and arrest Mr. Contreras Macedas.  Agent Leeper's own testimony reveals that the requisite level of suspicion and probable cause were absent at the time of the stop.  Accordingly, statements and evidence obtained from the illegal stop and arrest must be suppressed.

The crux of Agent Leeper's suspicion of Mr. Contreras Macedas stemmed from one previous sighting, plus an observation on May 10, 2005.  Agent Leeper testified that he initially saw the defendant over two months prior to the May 10, 2005 stop.  At this time he

photographed the defendant and described that he saw him engaged in actions consistent with the sale of fraudulent identity documents. Then, on May 10th, Agent Leeper testified that he saw the defendant again with an individual that he mistook for a suspected fraudulent document seller. Another agent described to Leeper that he saw the defendant engage in hand-to-hand activity, but nothing was seen in the hands. Beyond this, Agent Leeper could not tell the Court anything that would come close to alleging illegal activity.

The defendant argues that Agent Leeper failed to establish the necessary level of reasonable suspicion and probable cause to encounter and stop.

### ICE & The "Administrative Arrest"

The government response to defense motions dealing with the suppression of statements and evidence as well as speedy trial issues has been the nature and power of the "administrative arrest." The administrative procedure has been safe harbor for allowing the government to explain the encounter and detention of the defendant by Agent Leeper. Yet, the power given to Agent Leeper, and the testimony he provided reflect that Mr. Contreras Macedas should not have been detained or arrested on that May 10th morning.

### Power To Arrest

By statute, an ICE special agent has the power to make warrantless arrests for felonies committed and cognizable under any law of the United States regulating the admission, exclusion, or expulsion of aliens, if the agent has ***reason to believe*** that the person arrested is guilty of the felony ***and*** there is a likelihood of the person escaping before a warrant can be obtained for his or her arrest. 8 U.S.C. §1357(a)(4)(Emphasis added.). Agents are also authorized to make arrests for any felony cognizable under the laws of the United States, if:

> (1) the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony;

2

>(2) the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest; and
>(3) there is a likelihood that the offender may escape before a warrant can be obtained for his or her arrest.  8 U.S.C. §1357(a)(5)(B).

The agent in this case did not have a credible "reason to believe" that the defendant was guilty of a felony.  More importantly, there is nothing in the record to support that the person would be escaping before an arrest warrant could be obtained.

### Justification For Arrest Must Achieve "Probable Cause"

The justification for an arrest, or "reason to believe," under 8 U.S.C. §1357(a)(4) is equivalent to the Fourth Amendment requirement of ***probable cause***.  *United States v. Cantu,* 519 F.2d 494 (7th Cir. 1975)(Emphasis added.).  *See* 8 U.S.C. §1357(a)(2); *Babula v. Immigration and Naturalization Service,* 665 F.2d 293 (3rd Cir. 1981).  *See also United States v. Harrison,* 168 F.3d 483 (4th Cir. 1999)

Thus, the Bureau of Immigration and Customs Enforcement may not arrest, without a valid warrant of arrest, any individual for a violation of the immigration laws unless the agent of the Bureau of Immigration and Customs Enforcement has ***probable cause*** to believe that the alien is present in the United States illegally, or is guilty of committing an offense relating to the immigration laws, and then only if the individual is likely to escape before the agent can obtain a warrant of arrest.  *Murillo v. Musegades,* 809 F. Supp. 487 (W.D. Tex. 1992); *Pearl Meadows Mushroom Farm, Inc. v. Nelson,* 723 F. Supp. 432 (N.D. Cal. 1989).

Special Agent Leeper rested his action on very limited observations.  First, an observation that took place two months prior, which raises the issue of "staleness."  Second, two-month-old behavior consistent with fraudulent document sale.  Third, the May 10th observation of the defendant with a person that Agent Leeper mistook as a fraudulent document seller.  And, fourth, Agent Leeper's testimony that another agent described "hand movements" with nothing more.

3

The four items cannot stand to formulate probable cause that could support the agent's actions.

Agent Leeper then provided a general description of the restaurant and area where the defendant was stopped. He essentially labeled the area as a document-fraud-area, flooded with illegal aliens engaged in illegal activity. Such a broad brush cannot stand under the law. Courts have viewed with disfavor when government agents rely on Hispanic ethnicity as a relevant factor in the reasonable suspicion calculus, especially where an area is heavily populated by Hispanics. *United States v. Montero-Camargo,* 208 F.3d 1122, 1132 (9th Cir.2000)

### "Ruse" of Administrative Arrest vs. Criminal Prosecution

Mr. Contreras Macedas previously joined co-defendant Mora-Gil's motion to dismiss the case based upon the government's delay in bringing the defendant before a criminal court. ECF Doc. 7. *See* Fed.R.Crim.P. 48(b). The evidentiary hearing for the suppression motions shed further light what the defense has described as the immigration "ruse" used by ICE agents to secure a criminal arrest.

As cited above, any person arrested must be taken without unnecessary delay before the nearest available officer empowered to commit persons charged with offenses against federal law. 8 U.S.C. §1357(a)(4). Whenever a special agent in charge, port director, or chief patrol agent has reason to believe that there has been a violation punishable under any criminal provision of the laws administered or enforced by the Department, he or she must immediately initiate an investigation to determine all the pertinent facts and circumstances and take such further action as he or she deems necessary. 8 C.F.R. §287.2.

In no case may this investigation prejudice the right of an arrested person to be taken without unnecessary delay before a United States Magistrate Judge, a United States District

Judge, or, if necessary, a judicial officer empowered by statute 18 U.S.C. §3041 to commit persons charged with offenses against the laws of the United States. 8 C.F.R. §287.2.

Agent Leeper clearly testified that on May 10, 2005 he was acting to "remove fraudulent document sellers" from the street. This is notable because he did not talk about "illegal aliens," which is his statutory duty and where his statutory authority comes from. Agent Leeper was acting as a criminal law enforcement officer while employing the broad "administrative" apprehension tools as an ICE agent to encounter and stop the defendant. By Agent Leeper's own testimony, his actions were a ruse for "removing illegal document sellers."

Mr. Contreras Macedas has filed a renewed motion to dismiss pursuant to Fed.R.Crim.P. 48(b) consistent with argument and authority cited herein.

**WHEREFORE,** Mr. Contreras Macedas respectfully asks this Court to suppress the statement obtained at the time of his arrest.

>Respectfully submitted,
>
>**RETURETA & WASSEM, P.L.L.C.**
>
>By: _____/s/_____
>Manuel J. Retureta, Esq.
>District of Columbia Bar #430006
>601 Pennsylvania Avenue, NW
>South Building – Suite 900
>Washington, D.C. 20004
>(202) 220-3073 / (202) 220-3130 fax

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that this pleading has been distributed to all parties via ECF Filing.

                                                /s/
                                    Manuel J. Retureta, Esq.