UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
| --- |

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA | |
| | |
| v. | Crim. Case No.: 05-246-1 (RMC) |
| | **Pending Sentencing** |
| JOSE CONTRERAS-MACEDAS, et al. | |

DEFENDANT'S SENTENCING MEMORANDUM
FOR CREDIT OF TIME SERVED WHEN DETAINED
BY IMMIGRATION & CUSTOMS ENFORCEMENT

**COMES NOW DEFENDANT, Jose Contreras-Macedas,** through undersigned counsel, and respectfully asks the Court to include in the Judgment & Commitment order language providing defendant with an additional credit of 65-days of *"credit for time served"* beyond the date defendant made an initial appearance before this Court.

**Concise Argument**

Defendant was stopped and arrested by federal agents from Immigration & Customs Enforcement (hereinafter referred to as "ICE") on May 10, 2005. He remained detained in ICE custody until turned-over to the U.S. Marshals Service for presentment before this Court on July 14, 2005. During the 65-days in ICE custody, the defendant remained incarcerated at all times. The defendant asks the Court for language to be included in the Judgment & Commitment Order stating that the Bureau of Prisons (hereinafter referred to as "BOP") shall award the defendant an additional "65-days worth of credit for time served" **beyond** the time calculated as "held" before this Court.

Normally, such a nominal reduction would not receive such detailed attention.  However, the defendant in this case faces a straight two-year sentence under the new Aggravated Identity Theft statute.  18 U.S.C. §1028A(a)(1).  Under this statutorily set sentence the Court is bound to impose two-years of jail-time, no more, no less.  Since the statute binds the Court's hands as to length of sentence, it is pursuant to the authority below that defendant asks for this Court's recognition of the time he spent incarcerated by ICE.

**United States Sentencing Guidelines §5G1.3 Provides**
**The Court With The Authority To Order The Bureau**
**Of Prisons to Provide "Credit For Time Served"**

The United States Sentencing Guidelines, at §5G1.3, provides the Court the power to order credit for time served; stating in pertinent part:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> (1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

> *(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.*

USSG, §5G1.3 (Emphasis added.).  Defendant submits that he remains under an undischarged term of imprisonment given his detention, and ICE detainer lodged with the D.C. Department of Corrections.  Accordingly, this Court may direct the BOP to calculate "credit for time served" by the defendant.

2

**Statutory & Case Law Authority**

Under statute, Title 18 U.S.C. §3585 provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed . . ." Defendant argues that he merits the inclusion of his time spent detained by ICE and by this Court in the calculation set forth in §3585. Yet, in *United States v. Wilson,* the Supreme Court seemed to curtail §3585, and defendant's request, by saying that despite the ambiguity as to who was to award credit for time served, only the BOP has the authority under section 3585(b) to award such credit. 503 U.S. 329 (1992). However, a distinction has been carved between *Wilson,* BOP calculating credit, and a federal judge's power to fashion a sentence that orders credit for time served.

In the 3rd Circuit case of *Rios v. Wiley*, 201 F.3d 257 (3rd Cir. 2000), a federal judge's ability to order the BOP to provide "credit for time served" was affirmed, not by way of §3585, but rather pursuant to U.S.S.G. §5G1.3(c).[1] *Rios* and the legal authority set forth in the opinion

---

[1] A portion of the *Rios* decision, including supplemental authority, is included for the Court's review:

> We find equally without merit the BOP's alternative argument that we should disregard the sentencing court's provision for "credit for time served" as mere "surplusage and ineffective." Reply Br. at 7 n.2; app. at 51. The BOP premises its assertion in this regard on its belief that the sentencing court's use of that phrase was an attempt to award sentencing credit under section 3585(b) in violation of the Supreme Court's holding in *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). There the Supreme Court held that the Attorney General (by way of delegation to the BOP) rather than the sentencing court has the authority to award credit to a federal prisoner for time served before federal sentencing pursuant to section 3585(b). *See id*. at 334-35, 112 S.Ct. at 1354-55.

> The problem with the BOP's interpretation, however, is that it does not account for our alternative interpretation of the district court's imposition of a 90-month sentence in conjunction with its use of the phrase "credit for time served." As we explained above, the use of the two phrases in combination expresses the sentencing court's intention to impose an adjusted federal sentence under section 5G1.3(c) that was to be served concurrently with the remainder of the unexpired state sentence. As is evident from our prior discussion, we find that the sentencing court interpreted section 5G1.3(c) and

Application Note 3 as permitting it to impose such a sentence, and that the language it used effectuated the court's intent in that regard. Thus, because the BOP's argument hinges on its interpretation of the language as an award of credit under section 3585(b), rather than an application of section 5G1.3(c) and Application Note 3, we reject its argument that the credit for time served language is "surplusage and ineffective."

Moreover, the BOP's argument fails in light of our opinion in *Dorsey* which recognized that neither the enactment of section 3585(b) nor the Supreme Court's ruling in *Wilson* limited the sentencing court's authority to apply section 5G1.3 and impose a concurrent sentence to the extent appropriate. *See Dorsey*, 166 F.3d at 561 (noting that *Wilson* did not apply because "it did not deal with the situation of a federal court exercising its discretion to impose a concurrent sentence and how to make that sentence truly concurrent to a sentence for a related offense, the subject of application note 2 [to U.S.S.G. § 5G1.3(b) ]"); *see also Kiefer*, 20 F.3d at 876 ("[W]e find nothing in *Wilson* suggesting that the Attorney General's authority under § 3585(b) limits a sentencing court's power to apply § 5G1.3 of the Guidelines.").

While *Dorsey* involved a challenge to the validity of Application Note 2 and section 5G1.3(b), the same rationale applies to the court's exercise of discretion to impose a concurrent sentence under section 5G1.3(c) and Application Note 3. To be sure, an application of section 5G1.3(b) or (c) and the commentary by the sentencing court, and the award of sentencing credit by the BOP under section 3585(b), may result in the same benefit to the defendant. Nevertheless, that the same outcome may be obtained either way does not alter the fact that the two benefits bestowed are distinct, and the Supreme Court's opinion in *Wilson* only meant to refer to the award of sentencing credit under section 3585(b) when it determined that the power to award that credit was entrusted exclusively to the BOP. See *Dorsey*, 166 F.3d at 564-65 (Stapleton, J., concurring) ("We agree with the Eighth and Ninth Circuits Courts of Appeal that the Supreme Court in *Wilson* was referring to the latter form of benefit [an award of sentencing credit under section 3585(b) ] when it held that only the [BOP] is authorized ... to 'give credit' against a previously imposed sentence.").

We therefore reject the BOP's argument that we should view the "credit for time served" portion of the judgment as "surplusage and ineffective" because the argument rests on the faulty premise that the sentencing court intended to award credit under section 3585(b). Because we have determined that the language "credit for time served" demonstrates the sentencing court's intention to fashion an appropriate sentence under section 5G1.3(c) and Application Note 3 by considering the 22 months served as part of the federal sentence, which we consider distinct from credit under section 3585(b), we conclude that the BOP's position is incorrect. *See United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir.1995) ("As the Court in *Wilson* explained, '[a]fter a District Court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence.' ... Such language presumes that the district court will first sentence the offender--applying the relevant Sentencing Guidelines--before credit determinations shall be made by the Bureau of Prisons.") (citation omitted).

*Rios v. Wiley*, 201 F.3d 257, 269-270 (3rd Cir. 2000).

4

confirm that the BOP has the authority to *administer* a sentence, but a judge still has the power to *impose and define* a sentence. This is what Mr. Contreras-Macedas asks the Court to do in his case.

### Court's Previous Rulings
### Regarding Administrative/Criminal Detention/Arrest

In sentencing codefendants in this case, the Court has consistently determined that a distinction exists between time spent under ICE custody and under criminal detention. The Court has identified two different illegal acts underpinning ICE action and action by criminal investigators and prosecutors. The action by ICE, as the Court has determined, is for illegal conduct solely related to immigration. Based upon this, the Court has refused to give credit to previous defendants for time spent while in ICE custody.

Accordingly, the Court has maintained its separation of time served and refused to credit ICE time for BOP calculation. The following sentences are submitted for the Court's review:

- **Mr. Lopez-Vargas** received 16 months when the Court reduced two months of the anticipated sentence for duress considerations in light that he tried to remove himself from the conspiracy.
- **Mr. Aguilar-Gomez** received 21 months.
- **Mr. Gonzalez-Olvera** received 18 months *plus* credit for time served from the date the arrest warrant issued.
- **Mr. Hernandez-Carlon** received 18 months *plus* credit for time served from the date the arrest warrant issued.

### Recognition of Criminal Case –
### "Arrest Warrant" Or Indictment Time

While the Court previously rejected the idea of granting credit for time served in ICE custody, in the most recent cases of Mssrs. Gonzalez-Olvera and Hernandez-Carlon the Court did grant time-served to the date the arrest warrant issued in their cases. Effectively, each defendant received approximately three weeks of credit. Mr. Contreras-Macedas asks for similar consideration as it relates to actions taken by the government in his criminal case.

As previously noted, Mr. Contreras-Macedas was arrested by ICE agents on May 10, 2005, and brought before this Court 65-days later on July 14, 2005. He argues above that this time should be credited as time served. However, should the Court decide against granting this period of time, it should be noted that the government was actively working on his criminal case exclusively.

On June 21, 2005, ICE Agent Leeper was testifying before a federal grand jury. The indictment in his case filed with this Court on June 28, 2005. Because undersigned counsel does not have a signed and dated copy of the indictment, it cannot be determined on what date the grand jury returned the indictment. Therefore, Mr. Contreras-Macedas respectfully asks the Court to credit the time from the testimony of ICE Agent Leeper. This time should be included as "credit for time served" in the judgment and commitment order.

### Reasoning Behind The Request

Mr. Contreras-Macedas argues this motion knowing that the Court may not deem his case meritorious of any mitigating consideration beyond the straight two-year sentence. For this reason, Mr. Contreras-Macedas respectfully asks for the Court's consideration in light of the following issue. Given the straight two-year sentence, any potential reduction or credit the Court may deem appropriate under *United States v. Smith,* 27 F.3d 649 (D.C. Cir. 1994) would be unavailable. In other words, his two-year sentence would be harsher than a U.S. citizen's two-year sentence because Mr. Contreras-Macedas would end up serving approximately another 3-6 months of additional time spent waiting for deportation. For this reason Mr. Contreras-Macedas respectfully asks for the Court's consideration to mitigate his sentence.

**WHEREFORE,** Mr. Contreras-Macedas respectfully asks this Court to include in the judgment and commitment order credit for time served in the form of: 1) all time spent detained

by this Court pending the case resolution; and, 2) an additional 65-days of credit for time served for time spent incarcerated by ICE.

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

By: _____ **/s/** _____
      Manuel J. Retureta, Esq.
      District of Columbia Bar #430006
      601 Pennsylvania Avenue, NW
      South Building – Suite 900
      Washington, D.C.  20004
      (202) 220-3073  /  (202) 220-3130 fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this pleading has been distributed to all parties via ECF Filing.

_____ **/s/** _____
Manuel J. Retureta, Esq.